## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

RYAN WATERS,             )

                          )     Civil Action Number:

    Plaintiff,          )

                          )     Jury Trial Demanded

v.                  )

                          )

TOKI SUSHI, INC.,      )

a Georgia Corporation,   )

                          )

    Defendant.       )

## FLSA COMPLAINT

COMES NOW Plaintiff Ryan Waters ("Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant Toki Sushi, Inc. ("Defendant"), and in support thereof would further state as follows:

## INTRODUCTION

1.    The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, <u>et seq.</u>, as amended ("FLSA"), to remedy violations of the minimum hourly wage provisions of the FLSA by Defendant which has deprived Plaintiff of his lawful minimum hourly wage.

2.     During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate him at the legally appropriate minimum hourly wage.

3.     Plaintiff seeks unpaid minimum hourly wage, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.   Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)(1) and (2) because Defendant resides in this District and is subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction of this Court.

## PARTIES

6.     Plaintiff resides in Lafayette, Walker, Georgia (within this District) and is a citizen of the United States.

7.     Defendant is a corporation formed under the laws of the State of Georgia and owns and operates a restaurant in Georgia.

8.     Defendant conducts business within this State and District.

9.    Defendant maintained either actual or constructive control, oversight and direction of its restaurant including the employment, pay and other practices of the company.

10.   Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Ru Guang Zhao, 116 West Lafayette Square, Lafayette, Georgia 30728.

11.   At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

12.   At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

13.   At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States.

14.   The minimum hourly wage provisions set forth in § 206 of the FLSA applies to Defendant.

15.   The tipped employee provisions set forth in § 203 of the FLSA applies to Defendant.

## FACTUAL ALLEGATIONS

16.     Defendant employed Plaintiff at Defendant's restaurant, Toki Hibachi Sushi, located at 116 W. LaFayette Square, LaFayette, Georgia 30728 from on or about February 2017 through approximately May 2017 and November 2017 through present.

17.     Plaintiff's duties included servicing Defendant's customers by performing duties such as taking food and beverage orders, serving food and beverage orders, and clearing tables.

18.     At all times relevant to this action, it was the policy and/or practice of Defendant to compensate Plaintiff an hourly wage plus tips and such hourly wage was less than the federal minimum wage.

19.     At all times relevant to this action, Defendant took a tip credit against the wages of Plaintiff and other servers.

20.     At all times relevant to this action, Defendant did not permit Plaintiff and other servers to retain all of their tips.

21.     Upon information and belief, at all times relevant to this action, Plaintiff did not participate in a tip pool, valid or otherwise.

4

22.    Upon information and belief, at all times relevant to this action, it was Defendant's policy and/or practice that Plaintiff and other servers were required by Defendant to contribute 3% of their sales to Defendant.

23.    Upon information and belief, at all times relevant to this action, this 3% contribution was not used for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips, in violation of the FLSA.

24.    At all times relevant to this action, because Defendant illegally retained a portion of tips from Plaintiff, the tips received by Plaintiff may not be considered as part of wages paid to him for purposes of satisfying Defendant's minimum wage obligations.

25.    Defendant failed to meet the requirements for paying Plaintiff minimum wage, exclusive of an additional amount on account of the tips received by him, as required under the requirements of the FLSA under 29 U.S.C. §§ 203 and 206.

26.    Defendant is liable to Plaintiff compensation for all time worked in which he was paid at a rate of pay less than the federal minimum wage rate.

27.    By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

28.    As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

29.    Plaintiff has retained the undersigned counsel to represent him in this action.

30.    Plaintiff demands a jury trial.

## COUNT I

31.    Plaintiff repeats and incorporate by reference paragraphs 1-30 herein.

32.    By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

33.    Defendant has willfully, intentionally, and/or recklessly engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay Plaintiff minimum wage compensation in violation of the FLSA.

34.    As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with the FLSA.

35.    Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

36.     As a result of the unlawful acts of Defendant, Plaintiff seeks minimum wage compensation in an amount to be determined at trial, as well as liquidated damages, attorneys' fees, costs and other relief this Court may grant.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff prays for the following relief:

A.     Damages of his unpaid minimum wage compensation, plus an equal amount of liquidated damages;

B.     Reasonable attorneys' fees and costs of this action; and

C.     Any other legal and equitable relief seen fit by this Court, including, but not limited to, any injunctive and/or declaratory relief to which Plaintiff may be entitled.

Respectfully submitted this 8th day of May, 2018.

MARTIN & MARTIN, LLP

By:     Kimberly N. Martin
        kimberlymartinlaw@gmail.com
        Georgia Bar No. 473410
        Thomas F. Martin
        tfmartinlaw@msn.com
        Georgia Bar No. 482595

MARTIN & MARTIN, LLP

Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax